**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BURTON H. WOLFE,
              *Plaintiff-Appellant,*

v.

RONALD M. GEORGE, Chief Justice;
DEBORAH SILVA,
              *Defendants-Appellees.*

No. 05-16674

D.C. No.
CV-00-01047-SBA

OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted July 28, 2006*
San Francisco, California

Filed April 30, 2007

Before: Gilbert S. Merritt,** Andrew J. Kleinfeld, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Kleinfeld

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Gilbert S. Merritt, Senior Circuit Judge for the United
States Court of Appeals for the Sixth Circuit, sitting by designation.

## COUNSEL

Burton H. Wolfe, *pro se*, San Francisco, California, for the appellant.

Jill Bowers, Deputy Attorney General for the state of California, Sacramento, California, for the appellee.

## OPINION

KLEINFELD, Circuit Judge:

This is a challenge to the California vexatious litigant statute on numerous constitutional grounds.

### Facts

Burton H. Wolfe filed a number of pro se complaints regarding San Francisco taxicab companies. In 1992, the Superior Court for the County of San Francisco deemed him a "vexatious litigant" and imposed a prefiling order. As we explain below, the order required Wolfe to present his complaints for review by a judge before filing them. The order was rescinded in 1999, and in less than a year Wolfe filed another six lawsuits in the state courts.

Wolfe brought this Section 1983[1] case in federal court, challenging the constitutionality of California's vexatious litigant statute.[2] The district court dismissed the case under the *Rooker-Feldman*[3] doctrine. Wolfe appeals for the second time. In our previous decision, we rejected application of the *Rooker-Feldman* doctrine, because Wolfe was not seeking federal relief from a state court judgment.[4] We concluded that Wolfe had standing and a ripe dispute, even though no vexatious litigant order applied to him when he sued, because his history of lawsuits and the recently rescinded prefiling order showed that he was sufficiently likely to be subjected to such an order again.[5] We concluded that most of the defendants Wolfe had sued enjoyed sovereign immunity, but he nevertheless could, despite the Eleventh Amendment, seek declaratory and injunctive relief against both the Chief Justice of the California Supreme Court and the California official who administered vexatious litigant orders, in their official capacities.[6]

---

[1]42 U.S.C. § 1983.

[2]Cal. Code Civ. Proc. §§ 391 *et seq.*

[3]*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine generally bars federal district courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The Supreme Court emphasized in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." 544 U.S. 280, 284 (2005).

[4]*Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).

[5]*Id.*

[6]*Id.*

On remand, Wolfe filed an amended complaint, claiming that California's vexatious litigant procedure violated his rights on the grounds of:

1.  Article I, section 9 - Bill of Attainder.

2.  Article I, section 10 - Ex Post Facto.

3.  Article VI - Oath of Office and Supremacy.

4.  First Amendment - Petition for Redress of Grievances.

5.  Fifth Amendment - Double Jeopardy.

6.  Eighth Amendment - Excessive Bail, Excessive Fines, and Cruel and Unusual Punishment.

7.  Ninth Amendment - Unenumerated Rights.

8.  Fourteenth Amendment - Due Process.

9.  Fourteenth Amendment - Equal Protection.

10. Overbreadth.

11. Vagueness.

12. 42 U.S.C. § 1983.

The district court reached all the claims on the merits and granted judgment on the pleadings to defendants. Wolfe appeals. We affirm.

## Analysis

**[1]** Basically, the California statute defines "vexatious litigant" as a pro se litigant who has lost at least five pro se law-

suits in the preceding seven years, sued the same defendants for the same alleged wrongs after losing, repeatedly filed meritless papers or used frivolous tactical devices, or who has already been declared a vexatious litigant for similar reasons.[7] Defendants can move for an order requiring security by showing that the plaintiff is a vexatious litigant and has no reasonable probability of prevailing.[8] And the state court may, on its own motion or a defendant's, "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed."[9] The presiding judge "shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay."[10]

---

[7]*See* Cal. Code Civ. Proc. § 391(b) (" 'Vexatious litigant' means a person who does any of the following: (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing. (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined. (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.").

[8]*Id.* §§ 391.1, 391.2, 391.3, 391.4, and 391.6.

[9]*Id.* § 391.7(a).

[10]*Id.* § 391.7(b).

A long line of California decisions upholds this statutory scheme against constitutional challenges similar to Wolfe's.[11] We see no reason to disagree with them. We affirm the district court's dismissal of all of Wolfe's constitutional challenges. Like California, we impose prefiling requirements on vexatious appellate litigants in light of decisions upholding their legitimacy.[12] Congress has also imposed somewhat similar procedures on prisoners who file *in forma pauperis* appeals,[13] civil actions,[14] and second or successive petitions for writs of habeas corpus.[15] In *Rodriguez v. Cook* we held that 28 U.S.C. § 1915(g), the analogous federal statute for vexatious prisoner litigants, was subject only to rational basis review, not strict scrutiny, and rejected constitutional challenges similar to Wolfe's.[16]

[2] The California vexatious litigant statute is not unconstitutionally vague, because it "give[s] 'fair notice to those who might violate the statute.' "[17] It is not overbroad, because there is no constitutional right to file frivolous litigation.[18] "Just as false statements are not immunized by the First Amendment

---

[11]*See*, *e.g.*, *Moran v. Murtaugh Miller Meyer & Nelson, LLP*, 55 Cal. Rptr. 3d 112 (Cal. Ct. App. 2007); *Wolfgram v. Wells Fargo Bank*, 61 Cal. Rptr. 2d 694 (Cal. Ct. App. 1997); *Childs v. PaineWebber Inc.*, 35 Cal. Rptr. 2d 93 (Cal. Ct. App. 1994).

[12]"We recognize that 'there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.' " *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).

[13]28 U.S.C. § 1915.

[14]28 U.S.C. § 1915A.

[15]28 U.S.C. § 2244(b).

[16]*Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).

[17]*United States v. Cassel*, 408 F.3d 622, 635 (9th Cir. 2005) (quoting *United States v. Gilbert*, 813 F.2d 1523, 1530 (9th Cir. 1987)).

[18]*Brodrick v. Oklahoma*, 413 U.S. 601, 615 (1973) ("[W]e believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.").

right to freedom of speech, . . . baseless litigation is not immunized by the First Amendment right to petition."[19] Under the California statute, a vexatious litigant may file potentially meritorious claims not intended solely to harass or delay, so the courthouse doors are not closed to him.[20]

**[3]** Wolfe argues that the California statute denies due process of law by requiring "vexatious litigants" to furnish security, because it imposes a financial barrier to access to the courts. In *Boddie v. Connecticut,* the Supreme Court held that the due process clause entitles indigents to file for divorce even if they cannot pay a filing fee because of the special status of marriage and divorce.[21] But *Boddie* did not prohibit all financial barriers to litigation, regardless of frivolity or vexatiousness. "We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual, for, as we have already noted, in the case before us this right is the exclusive precondition to the adjustment of a fundamental human relationship."[22] In *United States v. Kras*,

---

[19]*Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 743 (1983) (citations omitted).

[20]Cal. Code Civ. Proc. § 391.7(b). "The decision whether to allow the litigant to proceed will be made on an individual basis, taking into account such factors as the nature of the action below, the nature of the lower court's ruling, whether writ petition or appeal is the appropriate procedure for seeking review in the Court of Appeal, the litigant's claims of error and whether the litigant has demonstrated improper reasons for bringing the original litigation or for taking it to the next court level." *McColm v. Westwood Park Assn.*, 73 Cal. Rptr. 2d 288, 293 (Cal. Ct. App. 1998).

[21]*Boddie v. Connecticut*, 401 U.S. 371, 383 (1971) ("[A] State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so.").

[22]*Boddie v. Connecticut*, 401 U.S. 371, 382-83 (1971) (holding that when "[n]o suspect classification, such as race, nationality, or alienage is present . . . . [t]he applicable standard is that of rational justification.") (citations omitted).

the Supreme Court held that access to bankruptcy courts does not "rise to the same constitutional level" as divorce,[23] and in *Ortwein v. Schwab* it reached the same conclusion for challenges to reduction of welfare benefits.[24] Likewise, the California vexatious litigant statute does not deprive Wolfe of the opportunity to vindicate a fundamental right in court.

[4] Under these authorities, we review the California statute for a rational basis.[25] The California cases show that a rational basis exists. "A state may set the terms on which it will permit litigations in its courts."[26] "[I]t cannot seriously be said that a state makes such *unreasonable* use of its power as to violate the Constitution when it provides liability and security for payment of *reasonable* expenses if a litigation of this character is adjudged to be unsustainable."[27]

[5] California's vexatious litigation statute is "rationally related to a legitimate state purpose."[28] First, vexatious litigants tie up a great deal of a court's time, denying that time to litigants with substantial cases. Second, the state has an interest in protecting defendants from harassment by frivolous litigation, just as it has an interest in protecting people from stalking.

[6] The California statute does not violate equal protection. Frequent pro se litigants are not a suspect class meriting strict scrutiny.[29] A state can rationally distinguish litigants who sue

---

[23] *United States v. Kras*, 409 U.S. 434, 444 (1973).

[24] *Ortwein v. Schwab*, 410 U.S. 656, 660 (1973) (per curiam).

[25] *See Kras*, 409 U.S. at 448 (reviewing filing fee requirement for rational basis when there was no fundamental right to discharge one's debts in bankruptcy).

[26] *Taliaferro v. Hoogs*, 46 Cal. Rptr. 147, 151 (Cal. Ct. App. 1965).

[27] *Id.*

[28] *Pennell v. City of San Jose*, 485 U.S. 1, 14 (1988) (internal quotation marks and citations omitted).

[29] *See Ortwein*, 410 U.S. at 660 (holding that because poverty is not a suspect classification subject to heightened review, "[t]he applicable standard is that of rational justification") (citing *Kras*).

and lose often, sue the same people for the same thing after they have lost, and so on, from other litigants. When no bond is required, the California prefiling order does little more than require *sua sponte* review of a vexatious litigant's complaint to see whether it states a claim before imposing the burden of litigation on a defendant. The defendant could move to dismiss for the same reason, so the statute is not a substantial or irrational bar to access. Before the court can require security, it must determine in an individualized hearing that "the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation."[30] The court must also make an individualized determination of the appropriate amount of security.[31]

[7] The Double Jeopardy and Ex Post Facto Clauses do not apply because the vexatious litigant statute does not impose criminal penalties.[32] The Eighth Amendment does not apply because security, if required, is not a fine or punishment.[33] The statute is not a bill of attainder because it does not single

---

[30]Cal. Code Civ. Proc. §§ 391.1, 391.2. *Muller v. Tanner*, 82 Cal. Rptr. 741 n.2 (Cal. Ct. App. 1969).

[31]Cal. Code Civ. Proc. § 391.3. *Muller*, 2 Cal. Rptr. at 752 (Cal. Ct. App. 1969) ("In upholding the constitutionality of the provisions of the statute dealing with this subject it was noted that the judge could fix the amount of the fees from his knowledge of legal practice. This, however, does not mean that he can, as was done in this case, look at a complaint and determine, without further evidence, the time and labor which will be expended to defeat the claim. Not even the nature of defendant's defense was disclosed.").

[32]*Hudson v. United States*, 522 U.S. 93, 95-96 (1997) (holding Double Jeopardy Clause applies only to criminal penalties); *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995) (holding Ex Post Facto Clause applies only to criminal penalties).

[33]"[A]t the time of the drafting and ratification of the Amendment, the word 'fine' was understood to mean a payment to a sovereign as punishment for some offense. Then, as now, fines were assessed in criminal, rather than in private civil, actions." *Browning-Ferris Indus. of Vermont v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989) (footnotes omitted).

anyone out.[34] Wolfe's Supremacy Clause and other arguments are frivolous.

**AFFIRMED**.

---

[34]*See SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 668 (9th Cir. 2002).