**Yuki KOBAYASHI, Dr.,**
**Plaintiff–Appellant,**

v.

**Jose RACHO, et al., Defendants–**
**Appellees.**

No. 07–55242.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed March 26, 2008.

Yuki Kobayashi, Dr., Los Angeles, CA, pro se.

Amber A. Logan, Esq., Nelson & Fulton, Sandra Isabel Barrientos, DAG, AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Yuki Kobayashi appeals pro se from the district court's judgment dismissing his action alleging violations of state and federal law arising from his arrest. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.2003) (subject matter jurisdiction), *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (motion to dismiss), *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir.1995) (summary judgment), we affirm.

The district court properly determined that the *Rooker–Feldman* doctrine bars Kobayashi's claim that a judgment dismissing a prior state court case is invalid and void because it is a "forbidden de facto appeal" from a judicial decision of a state court. *Noel*, 341 F.3d at 1158.

The district court properly dismissed for failure to state a claim Kobayashi's challenges to the constitutionality of California's vexatious litigant statutes because those statutes are constitutional. *See*

*Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir.2007).

The district court properly dismissed for failure to state a claim Kobayashi's claims under 42 U.S.C. §§ 1985(3) and 1986 because he failed to allege facts demonstrating that the County defendants were motivated by discriminatory animus. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536–38 (9th Cir.1992); *Karim–Panahi*, 839 F.2d at 626 (holding that "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985").

The district court properly granted summary judgment on qualified immunity grounds on Kobayashi's claim alleging civil rights violations by defendants Racho, Mendoza and Haar because Kobayashi failed to raise a triable issue as to whether these officers reasonably believed they had probable cause to detain him. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Kobayashi's remaining contentions are unpersuasive.

Kobayashi's motion to strike volume two of Appellees' Excerpts of Record is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.