NO. 07-09-0035-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 27, 2009
_____

IN RE R. WAYNE JOHNSON, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator R. Wayne Johnson, a Texas prison inmate acting *pro se,* seeks issuance of a writ of mandamus against the Honorable William D. Smith, Judge of the 84th District Court of Hansford County.

Relator's mandamus petition alleges he sought permission to file a civil suit in the 84th District Court and that Judge Smith denied permission under Chapter 11 of the Texas Civil Practice and Remedies Code.[1] Tex. Civ. Prac. & Rem. Code Ann. 11.001 *et seq.* (Vernon 2002). With his petition, relator has submitted a copy of an order signed by Judge Smith, acting as local administrative judge, which recites findings that relator is a vexatious litigant, the proposed litigation has no merit and the proposed litigation is to be filed for the

---

[1] Relator is required to obtain permission to file civil suits because he has been declared to be a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101 (Vernon 2002); *In re Johnson,* No. 07-07-0431-CV, 2009 WL 2225844 (Tex.App.–Amarillo July 27, 2009) (orig. proceeding) (mem. op.).

purpose of harassment or delay, and concludes with language denying relator permission to file the suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102 (Vernon 2002) (providing for pre-filing permission). Relator contends Judge Smith's order is void because the requirement contained in Chapter 11 that he obtain the court's permission before filing suit contravenes the federal and Texas constitutions. Relator contends also that Judge Smith failed to afford him notice and a hearing required by Chapter 11, and appears to contend Judge Smith erred by finding his proposed litigation lacked merit. He seeks an order requiring Judge Smith to rescind his denial of permission for the filing of relator's suit. We will deny the petition.

We first note that relator's petition does not comply with the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 52.3. It lacks a table of contents (Rule 52.3(b)), an index of authorities (Rule 52.3(c)), a statement of the case (Rule 52.3(d)) and a certification (Rule 52.3(j)). We consider his petition nonetheless, in the interest of justice.

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy by law. *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 780 (Tex. 2006). It is the relator's burden to show entitlement to the relief being requested. *Johnson v. Fourth District Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

2

Although relator's petition refers to several constitutional provisions, as we read his petition his underlying contention is that denial of the ability to file his civil suit deprives him of property without due process of law, in violation of the Fourteenth Amendment. U.S. Const., amend. XIV. We addressed a similar due process challenge to Chapter 11 presented by relator in a previous mandamus proceeding. *In re Johnson,* No. 07-07-0245-CV, 2008 WL 2681314 (Tex.App.–Amarillo July 9, 2008) (orig. proceeding) (mem. op.). Having re-examined the case law, we again find no merit in relator's due process contention. *See, e.g., Leonard v. Abbott*, 171 S.W.3d 451, 456 (Tex.App.–Austin 2005 pet. denied) (addressing constitutionality of Chapter 11); *Wolfe v. George,* 486 F.3d 1120 (9th Cir. 2007) (rejecting constitutional challenges to similar California statute); *Annot.,Validity, Construction, and Application of State Vexatious Litigant Statutes*, 45 A.L.R.6th 493, 501 (2009) (noting that courts considering state vexatious litigant statutes have "consistently upheld" their constitutionality).[2] Judge Smith's order is not void by virtue of its implementation of an unconstitutional statute.

In support of his argument Judge Smith could not deny him permission to file his suit without notice and a hearing, relator points to language of § 11.101(a) providing that a court may enter a pre-filing order if it makes certain findings "after notice and hearing as provided by Subchapter B." Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a) (Vernon

---

[2] Among the cases relator cites in his petition is *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), which held due process requires that indigent citizens be entitled to file for divorce even if they could not pay a filing fee. As the Ninth Circuit observed in *Wolfe*, however, the holding of *Boddie* was based on the fundamental nature of the rights involved in dissolving the marital relationship, and "*Boddie* did not prohibit all financial barriers to litigation, regardless of frivolity or vexatiousness." *Wolfe*, 486 F.3d at 1126.

2002).[3] In this context, the order entered after "notice and hearing" was not Judge Smith's order denying relator permission to file his proposed suit, but the pre-filing order entered by the District Court of Bee County declaring relator a vexatious litigant. It was the Bee County court's order that prohibited relator from filing new litigation without permission.

With respect to relator's apparent argument that Judge Smith erred in his finding relator's proposed suit has no merit, the record relator has filed with his mandamus petition does not contain the pleading relator proposed to file or otherwise advise us of the relief he would seek if permitted to file the suit. The document appended to his mandamus petition, which we understand to be a copy of his request to Judge Smith, simply reiterates the contentions regarding the constitutionality of Chapter 11 that relator presents in this court.[4] Based on the record before us, we could not conclude Judge Smith's finding involved an abuse of discretion.

For these reasons, relator's petition for writ of mandamus is denied.

Per Curiam

---

[3] Subchapter B of Chapter 11 consists of sections 11.051 through 11.057. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051- 11.057 (Vernon 2002).

[4] In the document, relator notes he has lawsuits pending in San Francisco, California; Muskogee, Oklahoma; Washington, D.C.; and Philadelphia, Pennsylvania.