Filed 8/27/15  Estate of Manwill CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Estate of ESTELLE ELSA MANWILL, Deceased. | |
| DAVID J. MANWILL,<br><br>    Petitioner and Appellant,<br><br>v.<br><br>MARK M. MANWILL,<br><br>    Objector and Respondent. | A143270<br><br>(Contra Costa County<br>Super. Ct. No. P11-00433) |

Appellant David J. Manwill appeals from the probate court's order declaring him to be a vexatious litigant pursuant to Code of Civil Procedure section 391.[1]  The order is based, in part, on a series of writ petitions and appeals that appellant has filed in this matter, as well as in a related probate proceeding.  To date, he has filed in propria persona eight appeals and/or petitions for writ of mandate with this court, not including the instant appeal, none of which have been resolved in his favor.  We conclude the evidence presented to the court below demonstrates this vexatious litigant order is amply justified.  Accordingly, we shall affirm.

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

We briefly summarize the background of this case, with which we and the parties are quite familiar.[2]

"On March 23, 2011, decedent Estelle Elsa Manwill executed a holographic will leaving her estate to her five living children. She died two days later. The estate primarily consists of real property in Contra Costa County and in South Lake Tahoe, with a combined value of $1,238,848. The will was witnessed by nine witnesses, including David G., who was one of decedent's sons, as well as his son David J. The will makes outright gifts of real property to decedent's living children. The will also provides: 'I do not want any of my property sold out side [*sic*] of my family for a minimum of 20 years.' The will does not nominate or appoint an executor.

"On April 13, 2011, David G. filed a petition for probate of his mother's will. He initially sought to be appointed as administrator of the estate, but several of his siblings objected. Respondent Mark Manwill, David G.'s brother, also filed a petition to administer the estate. Other family members objected to both brothers' petitions.

[¶] . . . [¶]

"On December 9, 2011, respondent filed a petition seeking, in part, orders directing the partition and sale of certain real properties under Probate Code section 11950 et seq. He argued that the language in the will stating decedent's desire not to sell estate real property outside the family for 20 years was precatory and nonbinding. . . .

[¶] . . . [¶]

"On July 5, 2012, David G. reportedly died of cancer.

"On July 18, 2012, the probate court filed its order addressing the appointment of a general estate administrator. As David G. had died, there was no longer any petition to compete with respondent's petition. The court granted respondent's petition and appointed respondent as administrator.

---

[2] As part of our summary, we take judicial notice of one of our prior opinions in this matter, *Estate of Estelle Elsa Manwill* (June 27, 2013, A135783 & A136311) [nonpub. opn.]). Excerpts have been placed in quotes, with deletions indicated by ellipses.

"On August 16, 2012, David J., apparently acting on his deceased father's behalf, filed a notice of appeal of orders entered on '6-22-12, 7-18-12, etc.' . . . ." (*Estate of Estelle Elsa Manwill, supra*, A135783 & A136311.) His appeals were consolidated and dismissed by this court in an unpublished opinion. (*Ibid.*)

On April 13, 2015, we affirmed the probate court's order denying appellant's petition to be named executor of the estate of his father, David G., and instead naming his brother as executor. (*Estate of David Gary Manwill* (Apr. 13, 2015, A142058) [nonpub. opn.].)

Throughout these proceedings, appellant has repeatedly asserted his theory that decedent's will is actually a written contract that transferred her property to a "family holding company" before her death, making this matter appropriate for a civil law jury trial only. He asserts this case is not properly subject to the jurisdiction of the probate court.

On October 2, 2013, respondent filed papers to have appellant declared a vexatious litigant, requiring him to post a security, and for a prefiling order. Following various continuances and delays, the probate court directed appellant to file a response to the vexatious litigant petition five days prior to the next hearing date. He did not file a timely response.[3]

On May 20, 2014, the probate court held a hearing limited to the vexatious litigant question, and to the related requests for a prefiling order and for the posting of bond.

On August 5, 2014, the probate court issued its order declaring appellant to be a vexatious litigant. In addition to other qualifying conduct, the court found he qualified as a vexatious litigant because he, in propria persona, had "commenced, prosecuted, or maintained at least five appeals or writ petitions . . . in 2012 and 2013 that have been finally determined adversely to [him]." (Fn. omitted.) The court further found it was not reasonably probable he would prevail in the litigation against respondent, granting

---

[3] Appellant filed his "5/15/2014 OBJECTION (US Const. 1st Ammd.)" on May 14, 2014. The document makes no reference to the pending vexatious litigant petition.

respondent's request pursuant to sections 391.1 and 391.3 for appellant to post bond in the amount of $60,000. The court also entered a prefiling order prohibiting appellant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. (§ 391.7.) This appeal predictably followed.

## DISCUSSION

### I.    *Appellant's Briefing*

We begin our discussion with a word about appellant's briefing in this appeal. In the interests of justice and to assure parties their arguments have been heard and considered, our general practice is to address the specific arguments the parties raise, no matter how legally incorrect or unsupported by the record those arguments might be. But in some instances, no matter how much time or effort is expended attempting to fathom just what a party is attempting to say, the arguments presented to us are simply of no use in the appellate process. This is one of those cases.

Appellant's opening brief is, like most of his prior briefs before this court, largely incoherent. For example, the first sentence is over 17 lines long. His brief makes few references to the clerk's transcript or to a specific and appealable error in the ruling by the lower court. He does not state what evidence or defense he would have presented at the May 20, 2014 hearing. Other than a conclusory statement asserting that the vexatious litigant statutes are "ambiguous" and "violative of US and California law," he largely fails to address the order he appeals from, and instead merely continues his assertions of fraud by the lower court, fraud by objector's counsel, and his position that this probate proceeding violates his due process rights and his right to jury trial.

Our scope of review is limited to issues that have been adequately raised and are supported by analysis. (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.) Authority must be on point. (*Krupnik v. Hartford Accident & Indemnity Co.* (1994) 28 Cal.App.4th 185, 199; *Security Pacific National Bank v. Wozab* (1990) 51 Cal.3d 991, 1003–1004.) When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of*

4

*America* (1998) 67 Cal.App.4th 779, 784–785.)  Moreover, "failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  Accordingly, to the considerable extent appellant's arguments are simply unfathomable, incoherent, or irrelevant, we shall not address them.

## II.     *Statutory Framework and Standard of Review*

"The vexatious litigant statutes (§§ 391–391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).)

As pertinent here, subdivision (b) of section 391defines a vexatious litigant, in part, as a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person," or "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subds. (b)(1), (b)(3).)

"Section 391.1 provides that in any litigation pending in a California court, the defendant may move for an order requiring the plaintiff to furnish security on the ground the plaintiff is a vexatious litigant and has no reasonable probability of prevailing against the moving defendant.  The action is stayed pending determination of the motion. (§ 391.6.)  If, after a hearing, the court finds for the defendant on these points, it must order the plaintiff to furnish security 'in such amount and within such time as the court shall fix.' (§ 391.3.)  The plaintiff's failure to furnish that security is grounds for dismissal. (§ 391.4.)" (*Shalant, supra,* 51 Cal.4th at p. 1170.)  Additionally, " '[s]ection 391.7 "operates beyond the pending case" and authorizes a court to enter a "prefiling

5

order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge.' " (*Ibid.*)[4]

The trial court's determination that an individual is a vexatious litigant is an exercise of its discretion. We presume the order is correct and imply the findings necessary to support the judgment, upholding the ruling if it is supported by substantial evidence. (*Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 407.) When reviewing for substantial evidence, we "view the evidence most favorably to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor. [Citation.] Substantial evidence is evidence of ponderable legal significance, reasonable, credible and of solid value." (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1100.)

### III. *Appellant's Challenges*

While appellant's briefing is far from adequate, he does appear to contend that he is a defendant in these proceedings, not a plaintiff, and is therefore not subject to the vexatious litigation statutes. He also asserts the vexatious litigation statutes are ambiguous and unconstitutional.

Setting aside the question of whether a party to a probate proceeding can properly be deemed a "defendant," even the case that he relies on for support (*Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32) recognized that a defendant who engages in frivolous or delaying tactics during a pending case may be declared a vexatious litigant and made subject to a prefiling order. (*Id.* at p. 42, fn. 7; see also *In re R.H.* (2009) 170 Cal.App.4th 678, 693 (*In re R.H*).)

As to the constitutionality of our state's vexatious litigant provisions, a number of appellate courts have addressed and rejected appellant's same contentions. (See, e.g., *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1170; *In re R.H., supra,* 170 Cal.App.4th 678 at p. 704 ["Neither section 391.7 nor our prefiling order violates due process because

---

[4] Subdivision (d) of section 391.7 provides that in a proceeding under the Family Code or Probate Code " 'litigation' " includes "any petition, application, or motion other than a discovery motion . . . for any order."

R.H. as the vexatious litigant has the right to seek the permission of the presiding judge or justice to file future litigation."]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 60–61; *Wolfe v. George* (9th Cir. 2007) 486 F.3d 1120, 1124–1127.)  We agree with the reasoning and conclusions of these cases, and therefore we reject appellant's challenge to the constitutionality of the statutes.

## IV.     *Substantial Evidence Supports The Order*

Notably, appellant does not meaningfully argue that the record lacks substantial evidence that he meets the statutory definition of a vexatious litigant.  (See *Fink v. Shemtov*, *supra*, 180 Cal.App.4th at p. 1169 [applying substantial evidence standard of review].)  This is not a close case, and we find no abuse of discretion in the probate court's order.

With respect to section 391, subdivisions (b)(1) and (b)(3) are both grounds for declaring a party a vexatious litigant.  Because appellant's conduct falls so squarely within subdivision (b)(1), we need not further address subdivision (b)(3).  As noted above, under subdivision (b)(1), a vexatious litigant is a self-represented person who "[i]n the immediately preceding seven-year period has commenced . . . at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person."  "Litigation," for purposes of the vexatious litigant requirements, encompasses civil trials and special proceedings, but also includes "proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions other than habeas corpus or other criminal matters."  (*McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1219.)

As we have noted, by our count appellant has filed in propria persona eight prior appeals and/or petitions for writ of mandate, none of which have been resolved in his favor:  *Estate of Estelle Elsa Manwill, supra,* A135783 & A136311); *Estate of David Gary Manwill*, *supra*, A142058; *Manwill v. Superior Court* (order denying writ petn. filed Aug. 11, 2014, A142613); *Manwill v. Superior Court* (order denying writ petn. filed June 13, 2013, A138899); *Manwill v. Manwill* (June 27, 2013, A136311 [nonpub. opn.);

7

*Manwill v. Manwill* (order dismissing appeal filed Nov. 5, 2013, A139873); *Manwill v. Superior Court* (order denying writ petn. filed Oct. 24, 2012, A136837).  At least five of these had become final prior to the May 20, 2014 hearing.

It is time for appellant's obstructive conduct to end, and for respondent to be free from litigation that does not have at least some minimal merit as determined by the presiding judge.  We note appellant's behavior in this matter has not only damaged the parties and the probate court, but has also infringed on the rights of "[o]ther appellate parties, many of whom wait years for a resolution of bona fide disputes, [who] are prejudiced by the useless diversion of this court's attention.  [Citation.]  In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources."  (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 17.)  The probate court's order is amply supported by the evidence and was well within its discretion.

## DISPOSITION

The order is affirmed.

8

_____

DONDERO, J.

We concur:

_____

MARGULIES, Acting P.J.

_____

BANKE, J.

9

A143270