NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD PIERCE; KERRY HICKS; ANDREW KARRES; MICHELE FOTINOS; AMIL HIRAMENK; LISA HUNT-NOCERA; NICOLE ANN RAY; ARCHIBALD CUNNINGHAM; RICHARD RIFKIN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TANI CANTIL-SAKAUYE, California Chief Justice, Chair of Judicial Council; STEVEN JAHR, Administrative Director of the Administrative Office of the Courts, <br><br> Defendants - Appellees. | No. 13-17170 <br><br> D.C. No. 3:13-cv-01295-JSW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before:    **KOZINSKI**, **BYBEE** and **CHRISTEN**, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** Chief Justice Cantil-Sakauye, sued in her administrative capacity as Chair of the Judicial Council of California, is a proper defendant under the Ex parte Young exception to sovereign immunity. Wolfe v. Strankman, 392 F.3d 358, 365–66 (9th Cir. 2004).

**2.** We need not decide what level of scrutiny applies here, because even assuming heightened scrutiny applies, California's vexatious litigant statute (VLS), Cal. Civ. Proc. Code § 391 et seq., does not violate the Equal Protection or Due Process rights of parents involved in custody disputes. California has "sufficiently important" interests, Zablocki v. Redhail, 434 U.S. 374, 388 (1978), in ensuring the orderly resolution of disputes and protecting parents and courts from vexatious litigants. See Cox v. Louisiana, 379 U.S. 559, 562 (1965).

The VLS is "closely tailored," Zablocki, 434 U.S. at 388, to advance these interests. In Boddie v. Connecticut, a mandatory filing fee wasn't sufficiently tied to the state's interest in preventing frivolous litigation to justify overriding "the interest of [indigents] in having access to the only avenue open for dissolving their allegedly untenable marriages." 401 U.S. 371, 381 (1971). Unlike a mandatory fee, the VLS doesn't create an insurmountable hurdle to the "adjustment of a fundamental human relationship." Id. at 383. Instead, it calls for an individualized

determination that a litigant is vexatious based on specific instances of harassing or frivolous litigation tactics. See Cal. Civ. Proc. Code § 391(b); Wolfe v. George, 486 F.3d 1120, 1124–25 (9th Cir. 2007); see also Cal. Civ. Proc. Code §§ 391.2–391.3. It then requires a court to examine a pro se parent's proposed filings to ensure that "the litigation has merit and has not been filed for the purposes of harassment or delay" before allowing the parent to seek a custody-order modification. See Cal. Civ. Proc. Code § 391.7(b); George, 486 F.3d at 1126–27. And if a court orders a vexatious litigant to post security, see Cal. Civ. Proc. Code. § 391.7(b), it must "make an individualized determination of the appropriate amount." George, 486 F.3d at 1126–27 (citing Cal. Civ. Proc. Code § 391.3).

Nor does applying the VLS to parents in custody disputes "destroy permanently all legal recognition of the parental relationship." M.L.B. v. S.L.J., 519 U.S. 102, 128 (1996). It does pose an additional hurdle to modifying a custody order, but only after the litigant has been found to be vexatious. The statute therefore does not unnecessarily perpetuate the "unique kind of deprivation" that imposing record preparation fees on parents appealing parental status termination decrees did. See id. at 127.

**3.** Because plaintiffs cannot prevail on any of their constitutional claims, we need not decide whether plaintiff Archibald Cunningham's claims are barred.

**AFFIRMED.**