**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARCHIBALD CUNNINGHAM, | No. 14-15266 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-04627-WHO |
| v. | |
| MICHAEL COOMBS, sued in underlying arbitration and court proceedings; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Archibald Cunningham, an attorney, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law

claims arising out of arbitration and state court proceedings involving his property.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007).  We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed the claims against Attorney General Harris on the basis of Eleventh Amendment immunity.  *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (discussing Eleventh Amendment immunity).

The district court properly dismissed Cunningham's claims against Judge Cheng, and Justices Kline and Richman, on the basis of judicial immunity and because they are not proper parties under § 1983.  *See Wolfe v. Strankman*, 392 F.3d 358, 365 (9th Cir. 2004) (judges are not proper defendants in a § 1983 action challenging a state law when acting as adjudicators, and "a judge acts as a neutral adjudicator in determining whether a plaintiff is a vexatious litigant upon a motion by a defendant, and in deciding whether to require the litigant to post a security bond"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (discussing judicial immunity).

The district court properly dismissed the claim against Chief Justice Cantil-

Sakauye because Cunningham failed to allege facts sufficient to allege a plausible claim that, as applied, California's vexatious litigant statute violated his constitutional rights. *See Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007) (upholding constitutionality of California vexatious litigant statute).

Dismissal of the constitutional claims against defendants McKay, Coombs, and Woods (the "Non-Judicial Defendants") was proper as barred by the doctrine of collateral estoppel. *See First Nat'l Bank v. Russell* (*In re Russell*), 76 F.3d 242, 244-45 (9th Cir. 1996) (explaining that California's res judicata and collateral estoppel principles apply where underlying judgment was rendered in state court, and setting forth elements of collateral estoppel under California law).

The district court properly dismissed Cunningham's fraud claim against the Non-Judicial Defendants as barred by the litigation privilege. *See Graham-Sult v. Clainos*, 756 F.3d 724, 741-42 (9th Cir. 2014) (discussing California's litigation privilege).

The district court properly dismissed Cunningham's breach of contract claim against the Non-Judicial Defendants as barred by the doctrine of res judicata. *See Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543, 557-58 (Ct. App. 2004) (elements of res judicata under California law).

We do not consider matters not specifically and distinctly raised and argued

14-15266

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Non-Judicial Defendants' motion, filed August 5, 2015, and Cunningham's motion, filed June 1, 2016, are denied as unnecessary.

**AFFIRMED.**