**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



AUG 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | No. 15-16151 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:11-cv-00990-AWI-SKO |
| M. BROOKS, Dietician; YU, Doctor; PEPPERCORN, Dr., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted August 29, 2016**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS, and McKEOWN, Circuit Judges.

Raymond Bradford, a California state prisoner, appeals pro se the district

court's judgment dismissing his action for failure to comply with a court order and

from the district court's order to provide security. We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (dismissal for failure to comply with a court order); *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (order requiring security for fees and costs). We affirm.[1]

The district court did not abuse its discretion by requiring Bradford to post a security after declaring him a vexatious litigant and finding that he did not have a reasonable probability of prevailing on the merits. Under Local Rule 151(b) of the Eastern District of California, the court may order a party to give security in accordance with the California Code of Civil Procedure's provisions relating to vexatious litigants. *See Wolfe v. George*, 486 F.3d 1120, 1125 (9th Cir. 2007) (upholding as constitutional California's prefiling requirements on vexatious appellate litigants)[2]; *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976) ("Rule 83 of the Federal Rules of Civil Procedure allows the district

---

[1] We decline to take judicial notice of pages 7-8, 18-42 and 45-48 of Bradford's December 21, 2015 motion for judicial notice. We grant Bradford's request as to pages 9-17 and 43-44. We deny Bradford's January 19, 2016 motion to file a supplemental brief. We also deny Bradford's December 28, 2015 motion for appointment of counsel.

[2] Given *Wolfe* and California's long line of cases upholding California's vexatious litigant requirements as constitutional, *Wolfe*, 486 F.3d at 1125, we reject Bradford's contention that because he was permitted to proceed *in forma pauperis*, *Bradford v. Vella-Lopez*, 486 F. App'x 643 (9th Cir. 2012), it would be unconstitutional to require him to post security.

court to formulate local rules to the extent they are not inconsistent with the federal rules.").

The district court properly concluded that Bradford is a vexatious litigant. A litigant is vexatious where previously "declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence." Cal. Civ. Proc. Code § 391(b)(4). Bradford was declared a vexatious litigant in *Bradford v. Klarich*, Superior Court of California, County of Kings Case No. 05C0349, a case in which Bradford sued medical staff at CSP-Corcoran for "the same or substantially similar" allegations of deliberate indifference to his medical needs.

The district court also properly concluded that there is no reasonable probability that Bradford will prevail on his claims. To prevail in his medical indifference claims, Bradford "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and . . . show that they chose this course in conscious disregard of an excessive risk to [his] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted). Bradford's claims amount to no more than mere disagreement with the professional opinions of Brooks and Yu regarding his medical needs, and he

therefore does not have a reasonable probability of prevailing on the merits of his litigation.

Because Bradford failed to comply with the district court's order to post security, the court did not abuse its discretion when it dismissed his action. *See Pagtalunan*, 291 F.3d at 642 (discussing the factors for determining whether to dismiss for failure to comply with a court order); *cf. Simulnet*, 37 F.3d at 576 (discussing factors district courts should balance before imposing a security bond).[3]

**AFFIRMED.**

---

[3] Dr. Robert Peppercorn was a named defendant in Bradford's second amended complaint and the district court granted summary judgment in his favor. Bradford does not appeal that ruling; instead, the only issue he raised on appeal relates to the posting of security and his vexatious litigant status. His passing reference without argument in his reply brief does not fix the problem. Therefore, he abandoned any issue vis-à-vis Dr. Peppercorn. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").