**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MATT SARGENT; J. DOE,

Plaintiffs-Appellants,

v.

TANI CANTIL-SAKAUYE, in her official capacity as Chairman of the Judicial Council of California and Chief Justice of California; MARTIN HOSHINO, in his official capacity as Administrative Director of the Judicial Council of California,

Defendants-Appellees.

No.    19-15348

D.C. No. 3:18-cv-07017-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted July 16, 2020[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,[***] District Judge.

Matt Sargent appeals the dismissal of his complaint challenging the California vexatious litigant statute (the "CVLS"), Cal. Civ. Proc. Code § 391–391.8, as unconstitutional under both the United States and California Constitutions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sargent's argument that the CVLS violates the First Amendment is foreclosed by *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007), which rejected the same facial constitutional challenges to the CVLS raised by Sargent. Sargent's argument that the CVLS impermissibly chills the First Amendment right to access the courts is meritless, given *Wolfe*'s holding that there is no constitutional right to file the sort of frivolous litigation barred by the CVLS. *Id.* at 1125. Because *Wolfe* stated that it was addressing an "[o]verbreadth" challenge, *id.* at 1124, which by definition is a facial challenge, *see United States v. Williams*, 553 U.S. 285, 292 (2008), Sargent's argument that *Wolfe* addressed only an as-applied challenge also fails. We are therefore bound by the decision in *Wolfe*. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013). *Ringgold-Lockhart v. County of Los Angeles*, which addressed federal vexatious litigant rules and

---

[***] The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

expressly did not consider the CVLS, is therefore not applicable. 761 F.3d 1057, 1061 n.1 (9th Cir. 2014).

We also reject Sargent's argument that § 391.7(b) of the California Code of Civil Procedure violates the California constitutional provisions prohibiting a single appellate judge from making a "judgment," Cal. Const. art. VI, § 3, or from "determin[ing] causes" without putting reasons in writing, Cal. Const. art. VI, § 14, because a single appellate judge determining whether a litigation "has merit" under § 391.7(b) "does not pass on [the litigation's] merits," but "merely determines if there is an issue to review on appeal."[1] *In re R.H.*, 170 Cal. App. 4th 678, 701 (2009), *overruled on other grounds by John v. Superior Court*, 63 Cal. 4th 91, 369 P.3d 238 (2016). *Moran v. Murtaugh Miller Meyer & Nelson, LLP*, 40 Cal. 4th 780 (2007), did not address the standard considered in *In re R.H.*, a single judge's determination whether an appeal "has merit," § 391.7, but instead addressed a different standard, an appellate panel's determination whether there is a "reasonable probability" that a vexatious litigant will prevail. *Id.* at 784 (quoting Cal. Civ. Proc. Code § 391.3 (1982)). Therefore, *Moran* does not provide

---

[1] To the extent Sargent challenges section 391.3 or 391.4 of the California Code of Civil Procedure on the same grounds, his argument fails because those sections require the full court, not a single appellate judge, to make the relevant determinations. Because section 391.3 does not require a single judge to make a judgment, the fact that section 391.3 was amended in 2013 is irrelevant.

convincing evidence that the California Supreme Court would not follow *In re R.H.*. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

Sargent's other challenges also fail. The CVLS does not violate the Supremacy Clause because it does not limit access to federal courts. *See Donovan v. City of Dallas*, 377 U.S. 408, 413–14 (1964). Sargent's Fifth Amendment challenge fails because it is "general, mentioned only in passing, and . . . unsupported by meaningful argument." *United States v. Stoterau*, 524 F.3d 988, 1003 n.7 (9th Cir. 2008). Sargent's facial challenge to the CVLS as violating the Fourteenth Amendment "[d]ue process guarantee[]" of "an absence of actual bias on the part of a judge," *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (quotation omitted), also fails because the single hypothetical Sargent describes does not show "that the law is unconstitutional in all of its applications," *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008). Nor does the CVLS violate California public policy by discriminating against indigent litigants. *See Moran*, 40 Cal. 4th at 786.[2]

**AFFIRMED**.

---

[2] We deny Sargent's motion for reconsideration of the order denying his motion to declare Xavier Becerra a vexatious litigant (Dkt 58).