**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER KLEIDMAN,

              Plaintiff-Appellant,

    v.

RFF FAMILY PARTNERSHIP, LP; TANI
CANTIL-SAKAUYE, Chief Justice,

              Defendants-Appellees.

No. 23-55610

D.C. No. 2:22-cv-03947-SPG-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted August 20, 2024[**]

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

    Peter Kleidman appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims related to his state court

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Federal Rules of Civil Procedure 12(b)(1) and (6).  *Davidson v.*

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). We affirm.

The district court properly dismissed Kleidman's constitutional claims because Kleidman failed to allege facts sufficient to show that California's vexatious litigant statute violated his constitutional rights. *See Wolfe v. George*, 486 F.3d 1120, 1125-27 (9th Cir. 2007) (upholding as constitutional California's prefiling requirements on vexatious litigants).

The district court properly dismissed Kleidman's remaining claims because these claims constituted forbidden "de facto appeal[s]" of a prior state court judgment or were "inextricably intertwined" with that judgment. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine).

The district court did not abuse its discretion by dismissing without leave to amend because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**